
# United States Bankruptcy Court
## for the District of Oregon
CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

SEP 2 8 2007

LODGED_____ REC'D_____
PAID_____ DOCKETED___

**Albert E. Radcliffe, Judge**　　　　405 East Eighth Avenue, Suite 2600　　　　(541) 431-4050
Virginia H. Denney, Judicial Assistant　　　Eugene, Oregon 97401　　　　　　　FAX: (541) 431-4047
Howard J. Newman, Law Clerk

September 28, 2007

Mr. P. Scott McCleery　　　　　　　　　　Ms Deni Starr
44 Club Road, Suite 200　　　　　　　　　3614 S. E. Francis Street
Eugene, OR 97401　　　　　　　　　　　　Portland, OR 97202

Mr. Marc Gunn　　　　　　　　　　　　　Ms P Rebecca Kamitsuka
Gunn & Gunn　　　　　　　　　　　　　　Office of the U. S. Trustee
PO Box 4057　　　　　　　　　　　　　　405 East 8th Avenue, Suite 1100
Salem, OR 97302　　　　　　　　　　　　Eugene, OR 97401

Mr. John Putnam Pries
862 Olive Street
Eugene, OR 97401

RE:　GAGE, Gail Marie; Case No. 06-62687-aer13
　　　Walsh & Starr Motions for Sanctions

Dear Counsel & Ms Starr:

　　　As you are aware, on March 28 and 29, 2007, the court conducted a lengthy confirmation hearing. At the hearing's conclusion, I announced my findings of fact and conclusions of law and denied confirmation. I then gave an April 13, 2007 deadline for Ms Starr to supplement a previously filed motion for sanctions, and for Mr. Walsh to file his own sanctions motion. Both Mr. Walsh and Ms Starr filed those documents, to which responses and replies have been filed. On June 20, 2007, a hearing was held on the sanctions motions, at which time the matter was bifurcated. The parties agreed to submit the issue of liability on the record.[1] If either Ms Gage or Mr. Daines was found liable for sanctions, a further evidentiary hearing would be held to determine the amount.[2]

---

[1] In this regard, I will not consider Ms Starr's untimely and unsolicited "Reply to Response For Award of Costs and Sanctions Second Supplemental Materials," filed on July 27, 2007.

[2] On June 25, 2007, Ms Starr filed an unsolicited Motion for Contempt and Sanctions concerning Ms Gage's alleged false testimony in a state court deposition. Ms Gage has responded thereto denying her testimony was false, and requesting an award against Ms Starr alleging the June 25th motion is sanctionable. I deny both these request. Ms Starr's motion is untimely, especially because it concerns an event which took place before the April 13, 2007 deadline for supplemental materials. Further, it
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(continued...)

This letter is intended to announce my findings of fact and conclusions of law on the issue of liability. In coming to my findings and conclusions, I did not consider mere allegations in the motions, responses and replies. Instead, I relied on sworn testimony (either at prior hearings or in affidavits or declarations) and documentary evidence supplied in the record.

**Ms Gage:**

FRBP 9011:

As a threshold, Ms Gage argues the present motions do not comply with FRBP 9011(c)(1)(A)'s[3] 21 day safe harbor. However, both motions allege the filing of Ms Gage's

---

[2](...continued)
concerns Ms Gage's testimony as to a matter and at a time which cannot be construed as sanctionable conduct vis a vis Ms Gage's bankruptcy case. As to Ms Gage's counter-request, it violates FRBP 9011(c)(1)(A) in that it is not set forth in a separate motion and does not indicate compliance with the Rule's 21 day safe harbor. Markus v. Markus, (*In Re Markus*), 313 F.3d 1146, 1151 (9th Cir. 2002).

[3] FRBP 9011(c)(1)A) provides in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b) . . . . The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, <u>except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)</u>. (emphasis added).

bankruptcy petition itself violated Rule 9011. As such, the safe harbor does not apply. Dressler v. The Seeley Co. (In Re Silberkraus), 336 F.3d 864, 868 (9th Cir. 2003).

When Ms Gage signed, filed and later advocated for her bankruptcy petition, she certified that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: 1) she was not presenting the petition for any improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," FRBP 9011(b)(1); and 2) the claims, defenses, and other legal contentions therein were warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. FRBP 9011(b)(2).

In determining whether FRBP 9011(b) has been violated, I must look to see whether the document was frivolous and then look to see if it was filed for an improper purpose. Marsch v. Marsch (In re Marsch), 36 F.3d 825 (9th Cir. 1994).[4] I must then weigh frivolousness and improper purpose on a sliding scale, "the more compelling the showing as to one element, the less decisive need be the showing as to the other." Id. at 830. In considering whether the filing of a bankruptcy petition violates FRBP 9011(b), I may consider post-filing events, such as the inability to propose a satisfactory reorganization plan. Dressler, supra at 868 (courts may infer the purpose of a filing from its consequences).

I find Ms Gage filed her petition for the improper purpose of harassing, delaying, and increasing the costs to Ms Gage's creditors, in particular Mr. Walsh and Ms Starr. I refer the parties to my March 29, 2007 oral ruling at the conclusion of the confirmation hearing, which sets out in detail my findings that amongst other things, Ms Gage's petition was filed in bad faith. Docket #85. I hereby incorporate those findings and conclusions herein.[5] Sanctions are thus appropriate.

---

[4] Frivolousness is a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry. A pleading is frivolous if, after reasonable inquiry, the pleader could not form a reasonable belief that the petition is well grounded in fact and warranted by existing law or a good faith argument for the modification or reversal of existing law.... The Rule itself gives examples of an 'improper purpose': 'such as to harass or to cause unnecessary delay or needless increase in costs.' Harassment must do more than in fact bother, annoy or vex the complaining party.... Other purposes besides those specifically enumerated in the Rule may also be deemed improper....

Under both prongs the court must judge the conduct in light of the circumstances then facing the alleged violator but the court applies an objective standard to those circumstances.

In re Westin Capital Markets Inc., 184 B.R. 109, 119 (Bankr. D. Or. 1995) (internal quotations and citations omitted).

[5] Mr. Walsh, in his Reply, also asserts that 11 U.S.C. §105(a) may be a basis for sanctions. While I have the inherent authority (impliedly recognized by § 105(a)), to sanction bad faith or willful misconduct, Knupfer v. Lindblade (In Re Dyer), 322 F.3d 1178 (9th Cir. 2003), I will not exercise my discretion to invoke that inherent authority here, as it would be cumulative of the authority granted by FRBP 9011.

FRBP 7037:

All the discovery matters complained of took place within Ms Gage's main Chapter 13 case, and were thus "contested matters." Under FRBP 9014(c), FRBP 7037 applies in contested matters. Under FRBP 7037 (which incorporates FRCP 37(b)(2)), I may impose sanctions for violation of an order compelling discovery.[6]

On March 2, 2007, Ms Starr moved to compel the production of documents. After a hearing on March 8, 2007, I compelled production of certain documents by Minute Order entered on March 12, 2007 (the Discovery Order). Both of the current sanctions motions allege violations of the Discovery Order. Amongst the documents I compelled Ms Gage to produce were those evidencing the amount of money she had received in 19 different named cases and those showing the amount received in settlement and payout of the settlement for an additional 20 named cases. I specifically held at the March 8, 2007, hearing that the information contained therein was not protected by the attorney-client, or any other privilege. In response to the Order, Ms Gage produced over 135 pages of documents with the names of her clients and other pertinent information redacted, rendering them virtually useless. See attachments to "Creditor Starr's Reply to Response for Award of Costs and Sanctions Supplemental Materials"-Docket # 95. This was in direct contravention of the Discovery Order and sanctions are appropriate.[7]

The parties also allege various other discovery violations. Suffice it to say that I have carefully examined the record and find them either unsubstantiated, or de minimus so as not to warrant the imposition of sanctions.

**Mr. Daines**:

FRBP 9011:

Mr. Daines signed Ms Gage's voluntary Chapter 13 petition. Both Mr. Walsh and Ms Starr seek sanctions against Mr. Daines, under FRBP 9011 for that act and the consequences flowing therefrom. Additionally Mr. Walsh seeks sanctions under the court's inherent authority. Again, I have examined the record meticulously. Mr. Daines' affidavit (Docket #101) sets out his inquiry and due diligence as to the schedules and amended schedules, particularly with regard to the accounts receivable. Although there is certainly some circumstantial evidence to refute the affidavit, viewed as a whole, I hesitantly find that it was reasonable under the circumstances for Mr. Daines to believe the petition's filing was warranted[8] and was not being pursued for an improper purpose. This is an extremely close call. The court cannot in any way condone Mr. Daines' filings and advocacy on behalf of a bad faith debtor, especially given that he was Ms Gage's attorney in her first failed Chapter 13 case. In avoiding sanctions, Mr. Daines has walked

---

[6] FRBP 9011(c)(1)(A)'s 21 day safe harbor does not apply to discovery matters. FRBP 9011(d).

[7] At the confirmation hearing, Ms Gage testified she had fully complied with the Discovery Order. However, at the hearing's conclusion I made a specific finding that she was not credible.

[8] As to frivolousness with regard to the actions of an attorney, I am to look at the conduct "objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court." Smyth v. City of Oakland *(In Re Brooks-Hamilton)*, 329 B.R. 270, 283 (9th Cir. BAP (ND Cal.) 2005) (internal quotation omitted).

Counsel & Ms Starr
September 28, 2007
Page 5

a razor's edge and the court admonishes him to be especially cautious in the future under like circumstances.

<u>FRBP 7037</u>:

Although an attorney may be liable under FRCP 7037 for discovery sanctions, I find none are warranted here, as the evidence (as opposed to mere allegations) substantiates at best, de minimus violations.

**Conclusion**:

The motions as to Ms Gage will be continued to an evidentiary hearing to determine the appropriate amount of sanctions. The parties will receive separate notice of the evidentiary hearing. The motions as to Mr. Daines will be denied. An order consistent therewith will be entered at the conclusion of the above matters.

The above constitute my findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated.

Very truly yours,

*[signature]*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd

cc: Mr. Paul Garrick, Trustee's Attorney